UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY M. GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, *et al*.<br><br>    Defendants. | Case No. 1:19-cv-01636-LJO-JDP<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY THE FAVORABLE-TERMINATION RULE<br><br>FOURTEEN-DAY DEADLINE<br><br>ORDER VACATING THE COURT'S SUMMONS AND PREVIOUS SCHEDULING ORDER<br><br>ECF Nos. 2, 3 |

    Plaintiff Jimmy M. Garcia is a state prisoner proceeding without counsel in this action. Plaintiff argues that he is innocent of the crime for which he was convicted, and claims that there were evidentiary problems at his trial. *See* ECF No. 1. While plaintiff does not specifically state what relief he seeks, I believe he is seeking a release from prison. *See id.* at 6 ("I am seeking relief and justice [for] my innocen[ce]."). Thus, while plaintiff has filed a 42 U.S.C. § 1983 complaint form, he may need instead to file a petition for a writ of habeas corpus. Habeas relief is the exclusive remedy for a prisoner challenging the fact or duration of his confinement and seeking an immediate or speedier release. *See*, *e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Should plaintiff wish to file a new petition for habeas corpus, that petition should comply with the requirements of 28 U.S.C. § 2254, including the requirement of § 2254(b)(1)(A) that the petitioner has first "exhausted the remedies available in the courts of the State" in which he was

1

convicted. In other words, before he is able to receive relief here in federal court, plaintiff must have finished the appeals process in his state of conviction.

Even if plaintiff wishes to obtain relief other than his release—relief that might properly be channeled through 42 U.S.C. § 1983 rather than a habeas petition—plaintiff would first need to show that his underlying conviction has been invalidated. *See Heck*, 512 U.S. at 487. Accordingly, I order plaintiff to make such a demonstration. If he cannot, I will recommend that this civil rights case be dismissed as barred by the so-called favorable-termination rule of *Heck v. Humphrey*.

**ORDER**

Plaintiff has fourteen days to show cause why his 42 U.S.C. § 1983 complaint should not be dismissed as barred by *Heck v. Humphrey*. Plaintiff may make this showing by demonstrating that his underlying conviction has been invalidated. Failure to comply with this order may result in dismissal of this action.

The summons and new case documents issued in this case, ECF Nos. 2, 3, were issued in error and are hereby vacated.

No. 205.

IT IS SO ORDERED.

Dated:  January 8, 2020

_____
UNITED STATES MAGISTRATE JUDGE